**T. J. ANDERSON, Doing Business as T. J. Anderson Construction Company, Appellant, v. BARRY COUNTY, MO., et al.**

No. 14614.

United States Court of Appeals
Eighth Circuit.

Aug. 20, 1952.

John M. Wheeler, Tulsa, Okl., Warren Mc. E. Turner, Springfield, Mo., and Kelly Brown, Muskogee, Okl., for appellant.

Royle Ellis and Emory Melton, Cassville, Mo., for appellees.

PER CURIAM.

Appeal from District Court dismissed, on motion of appellant and consent of appellee Barry County, State of Missouri.

**D. E. WHELAN and R. J. Whelan, Appellants, v. PLACID OIL COMPANY et al., Appellees.**

No. 13687.

United States Court of Appeals
Fifth Circuit.

Sept. 12, 1952.

For former opinion, see 198 F.2d 39.

Morton Taylor, Tyler, Tex., John Taylor, Marshall, Tex., for appellants.

Ralph B. Shank, Dallas, Tex., James K. Smith, Fort Worth, Tex., B. B. Barber, Shreveport, La., Walter C. Clemons, Houston, Tex., for appellees.

Before BORAH, RUSSELL and RIVES, Circuit Judges.

PER CURIAM.

It is ordered by the Court that the petition for rehearing filed in this cause be, and the same is hereby denied.

RIVES, Circuit Judge.

I concur specially.

To what has been so well stated in the court's opinion, I would add some further reason for my concurrence. As I understand the effect of the judgment appealed from, it is to hold the Placid lease superior to the Whelan lease as to the disputed one-half interest in the 146 acre tract. That holding would considerably reduce the fractional royalty interest of each of the four children of W. N. Peal insofar as the disputed interest is concerned, and the court cannot say whether or not that reduction is fully offset by the sustaining of the Dee Knox unitization agreement. If the court's judgment had been to the opposite effect and had held that the Whelan lease instead of the Placid lease carried the present right of possession and enjoyment of the disputed interest, then as to that interest the Placid lease would have been practically without value. In that event, so far as I can see, there would be no way that the royalty owners under the Dee Knox Unit could ever enforce any interest in the Peal 146 acre tract. It seems to me therefore that not only the royalty owners under the Dee Knox Unit, but also the four Peal heirs, are indispensable parties.

**Jerome W. STEINHAUER and Florence M. Steinhauer, Doing Business as B–Line Service, Appellant, v. UNITED STATES of America.**

No. 14492.

United States Court of Appeals
Eighth Circuit.

Aug. 28, 1952.

Freeman, King, Larson & Peterson and M. W. Gaughan, Minneapolis, Minn., for appellants.

Philip Neville, U. S. Atty., and Miles W. Lord, Asst. U. S. Atty., Minneapolis, Minn., for appellee.

PER CURIAM.

Appeal from District Court dismissed, on stipulation of parties.